## PEOPLE v. BOMMARITO.

1. BRIBERY—SHERIFFS.

Any sheriff who shall receive from any person any money as a consideration, reward, or inducement, for omitting or delaying to perform any duty pertaining to his office, shall be guilty of a misdemeanor (CL 1948, § 750.123).

2. SAME—DELAY—ELEMENTS OF CRIME.

Refusal to instruct in prosecution of deputy sheriff for receiving money for failure to report liquor violation as it was his duty to do, that 1 element of the offense was omission or delay of performance of a duty pertaining to office, and instructing that if money is received by a police officer for such purpose the element is established even if he does not go through with the bargain for delay or omission to perform his official duty *held*, proper; otherwise the officer could receive money for omitting or delaying performance of duty and remain immune from prosecution simply by refusing to omit or delay performance of duty (CL 1948, § 750.123).

3. SAME—GRAVAMEN OF OFFENSE.

The gravamen of the offense by an officer of receiving money for omitting or delaying performance of his duty is not the delaying or omitting, but rather that money was received as consideration, reward, or inducement for omitting or delaying performance, whether or not such omission or delay occurred (CL 1948, § 750.123).

---

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 12 Am Jur 2d, Bribery §§ 8, 12.
[4] 53 Am Jur, Trial § 15.

4. TRIAL—CONTINUANCE—COURTS—DISCRETION.

> Denial of request for a continuance of trial of a deputy sheriff for receiving money for omitting or delaying performance of a duty, *held,* not an abuse of discretion in case where trial had been continued for over 2 months already mainly because of current publicity concerning the sheriff's department and defendant's father, the undersheriff, but not this defendant, and the publicity could continue for a year, defendant announced his satisfaction with the jury after exhaustive *voir dire,* and there is no evidence that the denial deprived defendant of a fair trial (CL 1948, § 750.123).

Appeal from Wayne, Baum (Victor J.), J. Submitted Division 1 November 8, 1967, at Detroit. (Docket No. 3,035.) Decided April 26, 1968. Rehearing denied June 25, 1968. Leave to appeal denied September 10, 1968. See 381 Mich 774.

John P. Bommarito, a deputy sheriff, was convicted of receiving a reward to omit performance of his duty. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solictor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Barbara K. Hackett,* Assistant Prosecuting Attorney, for the people.

*Joseph Shaheen,* for defendant on appeal.

QUINN, J. Defendant was convicted by jury and sentenced for violating CL 1948, § 750.123 (Stat Ann 1962 Rev § 28.318).[1] On appeal, defendant raises 7 issues which can properly be reduced to 2. So condensed, the first 6 relate to the instructions of

---

[1] The pertinent part of this statute reads as follows:
"Any sheriff * * * who shall receive from a defendant or from any other person any money * * * as a consideration, reward or inducement, * * * for omitting or delaying to perform any duty pertaining to his office, shall be guilty of a misdemeanor."

the trial judge and the seventh involves the denial of defendant's request for an adjournment because of continuous, excessive and adverse local publicity. On the latter point, defendant contends he was denied a fair trial because of such publicity.

March 29, 1965, armed with information indicating an unlawful sale of beer to minors,[2] defendant, a deputy sheriff, went to the place of business of the purported offending vendor with the minors involved. This place of business was the E & G Superette owned by Lyle Kirby and John LaBate, Jr. There one of the minors identified LaBate as the seller, and defendant advised LaBate that a violation of the liquor control act had been committed and took information to report such a violation. LaBate denied the sale, but defendant left instructions with LaBate to be notified when Kirby returned from out of town.

Defendant made a progress report dated March 31, 1965, reporting the foregoing violation which was posted in the log book of the sheriff's department the same day. The violation referred to above was logged and filed April 1, 1965, but defendant made no recommendation that the violation be reported to the liquor control commission, as he was required to do by the procedure of the sheriff's department.

Defendant had subsequent conversations with the owners of E and G Superette, the content and meaning of which are disputed on the record, but it is undisputed that there was talk of money passing from the owners to defendant. Defendant said this money was for tickets to a testimonial dinner for the sheriff, and Kirby testified the money was partly for tickets and partly for defendant not reporting the violation to the liquor control commission. In

---

[2] CLS 1961, § 436.33 (Stat Ann 1957 Rev § 18.1004).

any event, the owners arranged through the State police to pay defendant in marked money, and defendant was so paid by leaving the money enclosed in an envelope with a designated attendant at a U-Haul rental establishment near E and G Superette. The record establishes that defendant came into possession of marked money.

Defendant requested the following instruction:

"The statute under which this charge is brought reads as follows: (the requested charge then recited the provisions of the statute).

"There are 3 elements in this offense just read that must be proven by the prosecution beyond a reasonable doubt.

"(a) That the defendant is a police officer.

"(b) That the defendant received consideration, reward or inducement from another person.

"(c) That the defendant omitted or delayed performance of a duty pertaining to his office."

The trial court refused to give subparagraph (c) of this requested instruction, and charged as follows:

"The third element, we will call the consideration, reward or inducement element. This element requires that the money received by the police officer must be received by him as a consideration, reward or inducement for omitting or delaying to perform any duty pertaining to his office.

"The words 'reward' and 'inducement' are simple words which are used in the statute as they are commonly understood. I believe you understand what is meant by a police officer receiving money as an inducement or reward for delaying or omitting the performance of his official duty.

"The word 'consideration' however is not one which is commonly used or commonly understood. When the statute speaks of money received by a police officer as a consideration for omitting or delaying the performance of his duty, what does it mean?

"The word 'consideration' may be defined as the bargained-for exchange. Money is the 'consideration' for a police officer omitting or delaying to perform his official duty if the officer omits or delays the performance of his official duty or if the police officer agrees to omit to perform his official duty in return or in exchange for the money as part of the bargain.

"Let me put the consideration, reward or inducement element in a nutshell, if I may. Under the law money is received as a consideration, reward or inducement for delaying or omitting to perform an official duty if the money is received by the police officer for the purpose of delaying or omitting the performance of duty.

"If the money is received by the police officer for such purpose, the third element is established even if the police officer does not go through with the bargained-for delay or omission to perform his official duty."

We believe the charge as given properly interprets the statute. The gravamen of the offense is not delaying or omitting the performance of duty, just as accomplishment of the unlawful agreement is not the gravamen of the offense of conspiracy. (*People v. Asta* [1953], 337 Mich 590.) The gist of the offense and the wrong the statute punishes is receipt of money as consideration, reward, or inducement for omitting or delaying performance, whether such omission or delay occurs or not. If it were otherwise, the sheriff could receive the money for omitting or delaying performance of duty and remain immune from prosecution by the simple expedient of refusing to omit or delay performance of duty.

The trial of this cause was continued from August 23, 1965, to October 18, 1965, mainly because of publicity concerning some unresolved charges against the sheriff's department, none of which publicity involved this defendant. However, defendant's

father, James Bommarito, was undersheriff. The actual trial commenced November 10, 1965, and in the interval a grand jury was impaneled to inquire into the charges against the sheriff's department. When further continuance was requested by defendant because of undue publicity, the trial judge pointed out that publicity concerning the sheriff's department could continue for a year and suggested that an attempt be made to impanel a fair and impartial jury, and if this failed, a change of venue. After exhaustive voir dire, a jury was impaneled and defendant announced his satisfaction with the panel. The record demonstrates no abuse of discretion in denying further continuance, nor that such denial deprived defendant of a fair trial.

Affirmed.

LEVIN, P. J., and J. H. GILLIS, J., concurred.